# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RODERICK BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-02221-AGF |
| ) | |
| DEPARTMENT OF THE NAVY, ) | |
| OFFICE OF THE JUDGE ADVOCATE ) | |
| GENERAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Roderick Bell for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds it should be granted. Additionally, for the reasons discussed below, the Court will direct plaintiff to show cause why his case should not be dismissed for failure to exhaust administrative remedies and for failure to state a claim.

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who has filed this civil action against the Department of the Navy, Office of the Judge Advocate General. He asserts subject matter jurisdiction under the Federal Tort Claims Act (FTCA) and the Caring for Camp Lejeune Families Act of 2012. (Docket No. 1 at 3). In his "Statement of Claim," plaintiff states the following: "As a member of the USMC, I was stationed at Camp Lejeune, North Carolina from May 5, 1969 to December 1969. I was

2

exposed to and drank contaminated water (Industrial Solvents, benzene and other chemicals)." (Docket No. 1 at 5). Plaintiff does not allege any injuries. He seeks $3,000,000 in damages.

## Discussion

Plaintiff brings this action pursuant to the FTCA,[1] alleging that while stationed at Camp Lejeune, North Carolina, while serving in the United States Marine Corps, he drank contaminated water. Having reviewed the complaint, and for the reasons discussed below, plaintiff will be directed to show cause in writing as to why this action should not be dismissed for failure to exhaust administrative remedies and for failure to state a claim.

### A. Exhaustion of Administrative Remedies

It is well established that the United States is entitled to sovereign immunity, and cannot be sued without its consent. *Honda v. Clark*, 386 U.S. 484, 501 (1967). However, "[t]he FTCA waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). The FTCA acts as a limited waiver of sovereign immunity, which opens the door to state-law liability claims against the federal government for harm cause by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). Pursuant to statute:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope

---

[1] Plaintiff asserts federal jurisdiction under both the FTCA and the Caring for Camp Lejeune Families Act of 2012. However, the Caring for Camp Lejeune Families Act does not waive the immunity of the United States or provide a separate cause of action. Rather, its purpose is to make veterans and family members of veterans eligible to receive hospital care and medical services for illnesses contracted as a result of residing at Camp Lejeune. *See* 38 U.S.C. § 1710(e)(1)(F); and 38 U.S.C. § 1787. *See also* 28 U.S.C. § 2679(b)(1) (stating that FTCA is the exclusive remedy to seek relief for tortious conduct by employees or agents of the United States or one of its agencies).

> of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Complete exhaustion of administrative remedies is required before the judicial process can be invoked. *McNeil v. United States*, 508 U.S. 106, 112 (1980). Exhaustion of administrative remedies is a jurisdictional prerequisite. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996). That is, before bringing an action against the United States, a claimant must present his or her claim to the appropriate federal agency, and the agency must make a final decision. *Bohac v. Walsh*, 386 F.3d 859, 861 (8th Cir. 2004). Failure to comply with the exhaustion requirement will result in the dismissal of the suit for lack of subject-matter jurisdiction. *See Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011) (concluding "that conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity"). *See also Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (stating that "[a] federal district court does not have jurisdiction over an FTCA claim unless it was first presented to the appropriate federal agency").

Here, plaintiff's brief "Statement of Claim" contains no allegations that he has exhausted his administrative remedies. Exhaustion is required to establish this Court's jurisdiction over plaintiff's FTCA claim. Thus, plaintiff will be ordered to show cause why this case should not be dismissed for failure to exhaust. Specifically, plaintiff must demonstrate that he has exhausted his administrative remedies with the Department of the Navy, including the date he filed his administrative claim; the date on which the administrative claim was denied; and whether that denial was a final disposition. Plaintiff's show cause response must be in writing and must be submitted within **thirty (30)** days of the date of this order. Failure to comply will result in the dismissal of this action without prejudice and without further notice.

### B. Failure to State a Claim

As noted above, to state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. In other words, a plaintiff must plead factual content that raises "a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, plaintiff merely states that he was at Camp Lejeune from May 5, 1969 to December 1969 and that he drank contaminated water. Plaintiff presents no allegations as to the liability of the United States[2] for this contamination. Moreover, he does not present any allegations that he was injured by drinking this water.

Plaintiff will be directed to show cause, in writing, as to why this action should not be dismissed for failure to state a claim. His response should provide factual allegations demonstrating the liability of the United States. Furthermore, the response must indicate what injury – if any – plaintiff suffered. If an injury was suffered, plaintiff must provide the date that the injury occurred. Plaintiff's response must be submitted within **thirty (30) days** of the date of this order. Failure to comply will result in the dismissal of this action without prejudice and without further notice.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil

---

[2] While plaintiff names the Department of the Navy, Office of the Judge Advocate General as defendant, the proper party is actually the United States. *See Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) ("Because a federal agency cannot be sued under the Federal Tort Claims Act, the United States is the proper defendant").

case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, plaintiff is being directed to show cause why his complaint should not be dismissed for failure to exhaust and for failure to state a claim. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing and within **thirty (30) days** of the date of this order as to why this action should not be dismissed for failure to exhaust administrative remedies and for failure to state a claim.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

Dated this 23rd day of December, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE