# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RODERICK BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-02221-AGF |
| | ) | |
| DEPARTMENT OF THE NAVY, | ) | |
| OFFICE OF THE JUDGE ADVOCATE | ) | |
| GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Roderick Bell's response to the Court's show cause order of December 23, 2019. (Docket No. 5). Having reviewed the response, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who filed a civil action against the Department of the Navy, Office of the Judge Advocate General, on July 25, 2019. He brought the action pursuant to the Federal Tort Claims Act (FTCA) and the Caring for Camp Lejeune Families Act of 2012. (Docket No. 1 at 3). In the "Statement of Claim," plaintiff alleged that:

> As a member of the USMC, I was stationed at Camp Lejeune, North Carolina from May 5, 1969 to December 1969. I was exposed to and drank contaminated water (Industrial Solvents, benzene and other chemicals).

2

(Docket No. 1 at 5). Plaintiff did not assert any injuries. With regard to relief, he sought $3,000,000 in damages. Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

On December 23, 2019, the Court granted plaintiff's motion for leave to proceed in forma pauperis. (Docket No. 4). The Court also reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. In so doing, the Court noted that plaintiff's complaint was subject to dismissal for two reasons. First, the Court observed that the FTCA has an exhaustion requirement, but that plaintiff had not demonstrated that he had presented his claim to the appropriate federal agency. Second, the Court explained that plaintiff's complaint did not adequately state a claim. In particular, while plaintiff stated that he had drunk contaminated water, he had not alleged the liability of the United States, or that he had been injured. The Court ordered plaintiff to show cause why his case should not be dismissed for lack of exhaustion and for failure to state a claim. He was given thirty days to respond. Plaintiff filed a response on January 22, 2020. (Docket No. 5).

**Plaintiff's Show Cause Response**

Plaintiff responded to the Court's show cause order by filing an amended complaint on a Court-provided civil complaint form. As in the original complaint, he brings this action pursuant to the FTCA and the Caring for Camp Lejeune Families Act of 2012. (Docket No. 5 at 3). He names the Department of the Navy and the United States Marine Corps as defendants.

In his "Statement of Claim," plaintiff asserts that as a member of the United States Marine Corps, he was stationed at Camp Lejeune, North Carolina from May 1969 to December 1969. (Docket No. 5 at 4). During this time, he "drank water containing industrial solvents, benzene and other chemicals." As a result of consuming this water, plaintiff alleges that he contracted "leukemia and neurobehavioral disorders requiring medical treatment." He further states the United States

3

Department of Veterans Affairs sent him notice that the water he drank while at Camp Lejeune was contaminated. (Docket No. 5 at 4; Docket No. 5-1 at 1). With regard to relief, plaintiff seeks $3,000,000 in damages. (Docket No. 5 at 4).

Plaintiff also states in his amended complaint that he filed a claim for compensation for his injuries. This claim was filed with the Department of the Navy, under which the Marine Corps is administered. (Docket No. 5 at 4; Docket No. 5-1 at 2-3). The Department of the Navy declined plaintiff's claim, and sent him a right to sue letter on January 25, 2019. (Docket No. 5-1 at 2-3). The letter advised plaintiff that he had six months from the date of the letter to file suit in Federal Court. Plaintiff filed his original complaint on July 25, 2019, exactly six months after the mailing of the right-to-sue letter.

## Discussion

Plaintiff is a self-represented litigant who brings this civil action against the United States[1] pursuant to the FTCA[2], alleging that he became ill after drinking contaminated water while stationed at Camp Lejeune as a member of the United States Marines. The Court ordered plaintiff to show cause why his case should not be dismissed for lack of exhaustion and for failure to state a claim. Plaintiff responded by filing an amended complaint. Having reviewed the amended complaint, and for the reasons discussed below, the Court will direct the Clerk of Court to issue process on the United States.

---

[1] The Court notes that the proper party defendant in this case is actually the United States, rather than the Department of the Navy or the Marine Corps. *See Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) ("Because a federal agency cannot be sued under the Federal Tort Claims Act, the United States is the proper defendant").

[2] Plaintiff asserts federal jurisdiction under both the FTCA and the Caring for Camp Lejeune Families Act of 2012. However, the Caring for Camp Lejeune Families Act does not waive the immunity of the United States or provide a separate cause of action. Rather, its purpose is to make veterans and family members of veterans eligible to receive hospital care and medical services for illnesses contracted as a result of residing at Camp Lejeune. *See* 38 U.S.C. § 1710(e)(1)(F); and 38 U.S.C. § 1787. *See also* 28 U.S.C. § 2679(b)(1) (stating that FTCA is the exclusive remedy to seek relief for tortious conduct by employees or agents of the United States or one of its agencies).

### A. Exhaustion

It is well established that the United States is entitled to sovereign immunity, and cannot be sued without its consent. *Honda v. Clark*, 386 U.S. 484, 501 (1967). However, "[t]he FTCA waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). The FTCA acts as a limited waiver of sovereign immunity, which opens the door to state-law liability claims against the federal government for harm cause by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). Pursuant to statute:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Complete exhaustion of administrative remedies is required before the judicial process can be invoked. *McNeil*, 508 U.S. 106, 112 (1980). Exhaustion of administrative remedies is a jurisdictional prerequisite. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996). That is, before bringing an action against the United States, a claimant must present his or her claim to the appropriate federal agency, and the agency must make a final decision. *Bohac v. Walsh*, 386 F.3d 859, 861 (8th Cir. 2004). Failure to comply with the exhaustion requirement will result in the dismissal of the suit for lack of subject-matter jurisdiction. *See Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011) (concluding "that conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity"). *See also Allen v. United States*, 590 F.3d 541,

5

544 (8th Cir. 2009) (stating that "[a] federal district court does not have jurisdiction over an FTCA claim unless it was first presented to the appropriate federal agency").

In his original complaint, plaintiff presented no allegations that he had exhausted his administrative remedies before filing his lawsuit. The Court ordered him to show cause why his complaint should not be dismissed for failure to exhaust. Plaintiff's amended complaint demonstrates that he has presented his claim to the appropriate federal agency, in this case, the Department of the Navy. (Docket No. 5-1 at 2). The Department of the Navy denied plaintiff's claim, and sent him a letter advising him that if he disagreed with the denial, he could file a lawsuit in the appropriate United States District Court within six months. Plaintiff subsequently filed this lawsuit six months after the right-to-sue letter was sent. Therefore, for purposes of initial review, it appears that plaintiff has exhausted his administrative remedies.

### B.  Stating a Claim

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss the case of a litigant proceeding in forma pauperis at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. In other words, a plaintiff must plead factual content that raises "a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In his amended complaint, plaintiff alleges that he was posted to Camp Lejeune while in the military. He states that he consumed water contaminated with industrial solvents, benzene, and other chemicals. He further states that exposure to these chemicals have lead to serious health conditions. The Court must accept the allegations contained in the complaint as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498,

499 (8th Cir. 2019). Furthermore, because plaintiff is a self-represented litigant, the Court must give plaintiff's amended complaint the benefit of a liberal construction. *See Haines*, 404 U.S. at 520. As such, the allegations presented by plaintiff are sufficient to survive initial review pursuant to 28 U.S.C. § 1915. Therefore, the Clerk of Court will be directed to issue process on the United States.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on the United States Department of Veterans Affairs, care of Secretary Kenneth J. Braithwaite, 1000 Navy Pentagon, Washington D.C. 20350.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on William Barr, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Jeffrey B. Jensen, United States Attorney, Thomas F. Eagleton Courthouse, 111 South 10th Street – Room 20.333, St. Louis, MO 63102.

Dated this 24th day of August, 2020.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE