UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODERICK BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:19-CV-002221 AGF |
| | ) |
| DEPARTMENT OF THE NAVY, | ) |
| OFFICE OF THE JUDGE ADVOCATE | ) |
| GENERAL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Defendant Department of the Navy's ("Navy") motion to dismiss pro se Plaintiff Roderick Bell's complaint.[1]  (ECF No. 10). Plaintiff Roderick Bell asserts claims under the Federal Tort Claims Act ("FTCA") and the Caring for Camp Lejeune Families Act of 2012.  Plaintiff responded to Defendant's motion to dismiss.  (ECF. No. 18).  For the reasons set forth below, the Court will grant the motion.

---

[1]  As the Court noted in its previous memorandum and order, although Plaintiff named the Department of the Navy as the Defendant, the proper party is the United States. (ECF. No. 6 at 4).  The Court issued service on William Barr, the United States Attorney General, and Jeffrey B. Jensen, the United States Attorney, as well as the Department of Veterans Affairs. *Id*. at 7

## BACKGROUND

Taken as true for the purpose of this motion, Plaintiff alleges the following facts. Plaintiff was stationed at Camp Lejeune military base from May to December of 1969. (ECF. No. 5 at 4). While there, he drank contaminated water. Later, Plaintiff was diagnosed with adult leukemia, Parkinson's disease, and several neurobehavioral disorders. (ECF No. 5-1 at 21). Plaintiff began to notice symptoms in February of 1971. *Id*. at 22. In approximately 2013, Plaintiff saw a 60 Minutes television program which informed him of the contamination at Camp Lejeune. *Id*. The program caused Plaintiff to look up the Camp Lejeune contamination on the Department of Veteran's Affairs ("VA") website and contact the VA. *Id*. Plaintiff filed a claim for compensation with the Department of the Navy on July 15, 2016. *Id*. at 6-8. The Department of the Navy declined the claim and sent Plaintiff a right to sue letter on January 25, 2019. *Id*.

Plaintiff filed this lawsuit on July 25, 2019, six months after he received the right-to-sue letter. He is seeking $3,000,000 in damages for the leukemia and other diseases he developed as a result of drinking contaminated water at Camp Lejeune. This Court determined Plaintiff has exhausted his remedies and Plaintiff's case may proceed under the FTCA, but not the Caring for Camp Lejeune Families Act because it does not waive sovereign immunity. (ECF. No. 6).

Defendant seeks dismissal of Plaintiff's complaint because: (1) this Court does not have subject-matter jurisdiction over Plaintiff's claims because they are barred by the *Feres* doctrine and the discretionary function exception and (2) Plaintiff's claim was filed outside the FTCA's two-year statute of limitations. Plaintiff did not file a timely

response. On November 16, 2020, this Court ordered Plaintiff to show cause by November 30, 2020 why the motion to dismiss should not be granted. Plaintiff requested an extension of time to respond and filed his response to Defendant's motion to dismiss on February 1, 2021. (ECF. No. 18). Defendant did not reply and the time to do so has passed.

## DISCUSSION

To survive a motion to dismiss, a plaintiff's claims must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag,* 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

As the Court noted in its previous orders, "pro se complaints are to be construed liberally." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, pro se plaintiffs "still must allege sufficient facts to support the claims advanced," and a district court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Id*. at 914-5.

### I.     Subject-Matter Jurisdiction

Plaintiff's suit is brought pursuant to the FTCA. "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued

in any court define that court's jurisdiction to entertain the suit." *Najbar v. United States,* 649 F.3d 868, 870 (8th Cir. 2011).

The FTCA is a limited waiver of sovereign immunity in which the United States consents to being sued with regard to the following claims:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

"A waiver of sovereign immunity is strictly construed in favor of the United States, and the party bringing suit bears the burden of demonstrating waiver." *May v. United States*, No. 17-04157-NKL, 2017 WL 6419298, at *2 (W.D. Mo. Dec. 15, 2017) (citations omitted). "Where the United States has not waived sovereign immunity under the FTCA, the district court lacks subject matter jurisdiction to hear the case." *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011).

### a. *Feres* Doctrine

Defendant first argues that Plaintiff's claim under the FTCA is barred by the *Feres* doctrine because Plaintiff's injury is incident to service. This doctrine, a judicially created exception to the FTCA, precludes members of the armed forces from maintaining an FTCA action for injuries where the "claimant, while on active duty and not on furlough, sustained injury due to negligence of others in the armed forces." *Feres v. United States*, 340 U.S. 135, 138, 71 S.Ct. 153, 155 95 L.Ed. 152, 155 (1950). "The

4

Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id*. at 146. If an alleged injury is incident to service, the FTCA's waiver of sovereign immunity does not apply and the government is immune from suit. "Whether a service member is engaged in an activity incident to service, is a question of fact to be determined from the circumstances of each case." *Anderson v. United States*, 575 F. Supp. 470, 472 (E.D. Mo. 1983).

The policy under the *Feres* doctrine arises from the fact that injured servicemen are compensated through VA benefits rather than civil liability pursuant to the FTCA. As the Eighth Circuit explained, "[i]n denying servicemen the right to sue the government for injuries incurred 'incident to service,' the Court in *Feres* relied heavily on the fact that the VA provides a 'simple, certain, and uniform' compensation system for such injuries which is neither 'niggardly' nor 'negligible.'" *Brown v. United States*, 151 F.3d 800, 804 (8th Cir. 1998) (citing *Feres*, 340 U.S. at 144). The Caring for Camp Lejeune Families Act of 2012 also provides healthcare benefits for servicemembers formerly stationed at Camp Lejeune. Pub. L. No. 112-154, 126 Stat. 1165 (codified in scattered sections of 38 U.S.C).

Plaintiff argues that Defendant is liable for injuries sustained through drinking the water at Camp Lejeune. He claims 10 U.S.C. § 914, the Endangerment Offenses section of the Uniform Code of Military Justice "[s]ays you can't do what you have done to nearly 900,000 Marines and their families and after 40 years in court just sweep them all under the carpet by saying, 'YOU CAN GET HELP AT A V.A HOSPITAL IF YOU

5

CAN PROVE YOU QUALIFY.'"  (ECF No. 18 at 1).  Section 914 pertains to offenses by enlisted people and is not relevant in evaluating claims under the FTCA.

Injuries arising from consuming contaminated water at Camp Lejeune while on active duty are injuries incident to service and are barred pursuant to *Feres*.  *See Gros v. United States*, 232 F. App'x 417, 419 (5th Cir. 2007) (*Feres* bars Plaintiff from bringing claims under the FTCA based on injuries stemming from consuming contaminated water at Camp Lejeune); *O'Connell v. Dep't of Navy*, No. CIV.A. 10-10746-NMG, 2010 WL 5572928, at *3 (D. Mass. Dec. 21, 2010) ("Drinking water at Camp Lejeune" is an injury arising out of military service).  Plaintiff alleges in his complaint that he sustained his injuries from drinking the water at Camp Lejeune while he was stationed there on active duty.  (ECF No. 5 at 4).  As such, this Court lacks subject-matter jurisdiction under the FTCA to adjudicate these claims for injuries that are incident to service.

      b.  Discretionary Function Exception

Defendant argues that Plaintiff's claim is also barred by the discretionary function exception to the FTCA.  The discretionary function exception in 28 U.S.C. § 2680(a) places a statutory limitation on the FTCA's waiver of sovereign immunity by precluding "suit against the government for harm caused by a government employee's acts if those acts are subject to discretion that is 'grounded in social, economic, and political policy.'" *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (quoting *Herden v. United States*, 726 F.3d 1042, 1047 (8th Cir. 2013)).

6

The Supreme Court has established a two-part test for determining whether the discretionary function exception applies. *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988). The test is "(1) whether the conduct in question involves an element of judgment or choice (there is no judgment or choice involved when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow), and (2) whether the discretionary conduct is rooted in public policy." *Meyer v. United States*, 32 F. App'x 163, 164 (8th Cir. 2002).

Several courts have found that "supply of safe water on a military base is a function rife with discretion and the decisions involved are the type the discretionary function doctrine is designed to protect." *In re Camp Lejeune North Carolina Water Contamination Litig.*, 263 F. Supp. 3d 1318, 1341 (N.D. Ga. 2016), *aff'd*, 774 F. App'x. 564 (11th Cir. 2019). *See also Snyder v. United States,* 504 F. Supp. 2d 136, 143 (S.D. Miss. 2007) ("at the time [plaintiffs] were stationed at Camp Lejeune, no specific directive controlled the military's discretion in" maintaining the water supply, so the government's actions fall within the discretionary function exception), *aff'd*, 296 Fed. App'x 399 (5th Cir. 2008); *Tate v. Camp Lejeune*, No. 4:19-CV-91-D, 2019 WL 7373699, at *2 (E.D.N.C. Dec. 30, 2019) (finding discretionary function exception bars plaintiff's claims concerning water contamination at Camp Lejeune because there is no "mandatory language that prescribes a specific course of conduct that a government employee failed to follow concerning water contamination at Camp Lejeune" and decisions pertaining to the water supply are "based on considerations of public policy"),

7

*reconsideration denied*, No. 4:19-CV-91-D, 2020 WL 2514316 (E.D.N.C. May 15, 2020).

This Court agrees that the discretionary function exception applies to the maintenance of the water supply at Camp Lejeune. Accordingly, Plaintiff has failed to establish that Defendant waived sovereign immunity and this Court lacks subject matter jurisdiction over this case.

## II.     Statute of Limitations

Defendant further argues that Plaintiff's claim is time barred, as it falls outside the FTCA's two-year statute of limitations. Pursuant to the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues… ." 28 U.S.C. § 2401(b). Plaintiff responds that while he was stationed at Camp Lejeune, Defendant was aware of the contamination and did nothing to inform him. Plaintiff further argues that "with no knowledge of the water contamination and obviously no date on which to apply an unknown event, Plaintiff can in no way be in violation of the FTCA two year (sic) rule." (ECF. No. 18 at 1).

In the context of a motion to dismiss under Rule 12(b)(6), dismissal on the basis of the statute of limitations is only proper where the complaint itself establishes the defense. *See Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1017-18 (8th Cir. 2004)). In ruling on a motion to dismiss, "[t]he court may consider the pleadings themselves, materials embraced by the pleadings,

exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks,* 614 F.3d 495, 498 (8th Cir. 2010) (citing *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999)). Here, the materials attached to Plaintiff's complaint establish that Plaintiff's claim accrued in 2013 at the latest, three years before Plaintiff filed his administrative claim.

The time at which a claim accrues under the FTCA is a question of federal law. *Brazzell v. United States,* 788 F.2d 1352, 1355 (8th Cir. 1986). Generally, a claim accrues under the FTCA at the time of the plaintiff's injury. *United States v. Kubrick,* 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). However, "if the plaintiff has been in 'blameless ignorance' of the injury, the cause of action does not accrue until the plaintiff knows of the fact of injury and its cause." *K.E.S. v. United States,* 38 F.3d 1027, 1029 (8th Cir. 1994) (citing *Kubrick*, 444 U.S. at 120-22). In *Kubrick,* the Supreme Court held that a claim does not "accrue" for purposes of section 2401(b) until "plaintiff has discovered both his injury and its cause." *Kubrick*, 444 U.S. at 120.

Plaintiff's injuries were allegedly caused by drinking contaminated water at Camp Lejeune, where Plaintiff was stationed in 1969. Plaintiff first noticed symptoms in 1971. The Court accepts Plaintiff's contention that he had no knowledge of the contamination at that time. Plaintiff was later diagnosed with leukemia along with neurobehavioral disorders. In 2013, Plaintiff learned through watching a 60 Minutes episode that drinking

9

the water at Camp Lejeune can cause leukemia.[2]  Plaintiff stated that the program "led me to contact [the VA]" with a claim related to the Camp Lejeune contamination.  (ECF No. 5-1 at 22).  At this point, Plaintiff's claim accrued because he was aware of both his injury, leukemia, and the alleged cause, the contaminated water at Camp Lejeune.  On July 15, 2016, approximately three years after he first became aware of the contamination issues, Plaintiff filed an administrative claim with the Department of the Navy.  Plaintiff's claim was denied on January 25, 2019 and he filed this lawsuit on July 25, 2019.

Plaintiff argues that the statute of limitations has not run because his delay in filing this case was the result of the administrative review process.  Defendant does not argue that Plaintiff's claim is not timely because he failed to file the present case within six months of his receipt of the right to sue letter.  Instead, Defendant claims that Plaintiff failed to file his administrative claim with the VA within the two years of the claim accruing, as required by the § 2401(b) of the FTCA.  Plaintiff's claim was filed with the administrative agency three years after his claim accrued, outside the FTCA's two-year statute of limitations, and is barred for this reason as well.

## **CONCLUSION**

For the reasons set forth above,

---

[2]  Plaintiff writes in the notice of disagreement he filed with his administrative claim, which Plaintiff attached to his complaint, that "I became aware of the contamination in 2013 frm. a 60minutes (sic) TV program."  (ECF. No. 5-1 at 5).

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED**.

ECF. No. 10. Plaintiff's complaint is **DISMISSED.**

                                                        */s/ Audrey G. Fleissig*
                                                        AUDREY G. FLEISSIG
                                                        UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2021